IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-02880-PAB

CHRISTOPHER WEBER,

    Plaintiff,

v.

THE STATE OF COLORADO,
JEFFERSON COUNTY, COLORADO,
KATIE DEVRIES, Attorney, Sherman and Howard LLC,
SHERMAN AND HOWARD LLC,
DAVID LITTMAN, Littman Family Law, Mediator on the custody case, then Decision-Maker,
JEFFREY PILKINGTON, Chief Judge, 1st Judicial Court of Colorado,
LAURA TIGHE, Retired County Judge, Jefferson County,
JOEL SCHAEFER, Jefferson County Magistrate,
NICHOLAS CAMPBELL, Jefferson County Magistrate,
BRIAN BOATRIGHT, Colorado Supreme Court Chief Justice,
SUEANNA JOHNSON, Colorado Court of Appeals Judge for 1st District,
KYM SORRELLS, Jefferson County Attorney,
THE COLORADO COMMISSION ON JUDICIAL DISCIPLINE, CCJD,
THE COLORADO SUPREME COURT,
CHRISTOPHER GREGORY, the Colorado Commission on Judicial Discipline,
JEFFERY WALSH, the Colorado Commission on Judicial Discipline,
ELIZABETH MILLER, Mother, Ex-wife,

    Defendants.

## ORDER

This matter comes before the Court on plaintiff Christopher Weber's Response to Show Cause Order [Docket No. 38]. In light of plaintiff's pro se status, the Court construes his filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, a court does not act as an advocate for a pro se litigant. *See Hall*, 935 F.2d at 1110.

I. **PROCEDURAL BACKGROUND**[1]

On December 20, 2024, Mr. Weber filed a motion for injunctive relief regarding a temporary restraining order filed against him. Docket No. 27. Mr. Weber explained that "he is not requesting D. Colo. rule on the merits of Mrs. Miller's protection order request."[2] *Id.* at 3, ¶ 10. Instead, "Mr. Weber only wishes to remove these matters from the Jefferson County Court, which is being sued in this lawsuit for improperly curtailing Plaintiff's rights." *Id.* On December 27, 2024, the Court denied Mr. Weber's motion for injunctive relief and ordered Mr. Weber to show cause why the Court should not abstain from exercising jurisdiction over the claims in his complaint and why this case should not be dismissed without prejudice. Docket No. 35 at 12–13. On January 10, 2025, Mr. Weber filed a response to the order to show cause. Docket No. 38.

II. **ANALYSIS**

The Supreme Court has established a three-part analysis for abstention under *Younger*. When a case filed in federal court raises the possibility of federal-court interference with state processes, the federal court must abstain if (1) there is an ongoing state judicial, civil, or administrative proceeding, (2) which implicates important state interests, and (3) in which there is an adequate opportunity to raise constitutional challenges. *Middlesex Cnty. Ethics Comm. v. Garden State Bar Ass'n,* 457 U.S. 423, 431–32 (1982); *Crown Point I, LLC v. Intermountain Rural Elec. Ass'n,* 319 F.3d 1211, 1215 (10th Cir. 2003). *Younger* abstention is not discretionary and, if abstention

---

[1] A full recitation of this case's background is included in the Court's order denying Mr. Weber's motion for injunctive relief. *See* Docket No. 35.

[2] At a hearing on January 6, 2025 in the state court case, the court ordered that the temporary restraining order against Mr. Weber be made permanent. Docket No. 38 at 1, ¶ 3.

2

applies, a court must dismiss the claim without prejudice. *D.L. v. Unified Sch. Dist.*, 392 F.3d 1223, 1228 (10th Cir. 2004). The Tenth Circuit has "consistently applied *Younger* to child custody cases." *Morkel v. Davis*, 513 F. App'x 724, 728 (10th Cir. 2013) (unpublished) (collecting cases). "And, courts may address *Younger* abstention sua sponte." *Tereza v. Garland*, 2021 WL 5510243, at *1 (N.D. Okla. Nov. 24, 2021) (citing *Bellotti v. Baird*, 428 U.S. 132, 143 n.10 (1976) ("abstention may be raised by the court Sua Sponte.")).

The Tenth Circuit has held that the first prong of the *Younger* abstention analysis, whether there is an ongoing state judicial proceeding, is determined based on the time when the federal action was filed. *Dauwe v. Miller*, 364 F. App'x 435, 437 (10th Cir. 2010) (unpublished) (citing *Bear v. Patton*, 451 F.3d 639, 642 (10th Cir. 2006)). State proceedings end, and are therefore no longer ongoing, when a lower state court issues a judgment and the losing party allows the time for appeal to expire. *Bear*, 451 F.3d at 642 (citing *Federación de Maestros de Puerto Rico v. Junta de Relaciones del Trabajo de Puerto Rico,* 410 F.3d 17, 24–25 (1st Cir. 2005)).

Mr. Weber appears to argue that the state court's alleged failure to act in the custody case means that state court proceedings are not ongoing. Docket No. 38 at 1–3, ¶¶ 4–7. Mr. Weber contends that the purpose of his federal lawsuit is "to argue that the state of Colorado has taken no position on the domestic case at all." *Id.* at 1–2, ¶ 4. Specifically, Mr. Weber argues that "the state improperly delegated its authority to an unauthorized third party, allowed that third party to remove Father's parental rights, then denied doing so and refused to correct the matter, and then refused to make any determinations of its own on the case, leaving the parents effectively without court

3

orders over the last 5 years." *Id*.  Mr. Weber's complaint, however, indicates that the proceedings in the state custody case are ongoing.  Docket No. 1–3 at 5.  After David Littman's involvement as a "decision-maker" and "mediator," Mr. Weber filed a motion in the state case to modify parenting time orders that "were unlawfully modified" by Mr. Littman.  *Id.* at 1, 5, 13.  The state court has not "resolved" Mr. Weber's motion.  *Id*. at 5–6.  Moreover, the restraining order entered against Mr. Weber on January 6, 2025 is additional evidence that the state proceedings are ongoing.[3]  Docket No. 38 at 1, ¶ 3.  Therefore, the first prong of the *Younger* abstention analysis is satisfied because there was an ongoing state proceeding at the time that Mr. Weber filed this case and because it is clear that the proceedings remain ongoing.

The Court will next consider the second prong of the *Younger* abstention analysis, whether the state custody case implicates important state interests.  The Tenth Circuit has held that "the resolution of child custody matters has been acknowledged as an important state interest."  *Morkel*, 513 F. App'x at 729 (citing *Elk Grove Unified Sch. Dist. v. Newdow*, 542 U.S. 1, 12–13 (2004) ("the whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States")).  The "comity considerations of the *Younger* doctrine are particularly vital in child custody proceedings, which are 'an especially delicate subject of state policy.'"  *Id.* (quoting *Morrow v. Winslow*, 94 F.3d 1386, 1393 (10th Cir. 1996)).  Therefore, the Court finds that Mr. Weber's custody case

---

[3] Mr. Weber notes that he was present in court for the January 6, 2025 hearing and that he intends to appeal the Jefferson County court's decision to grant a permanent restraining order against him.  Docket No. 38 at 1, ¶ 3.

4

implicates an important state interest and satisfies the second prong of the *Younger* abstention analysis.[4]

As to the third prong of the *Younger* abstention analysis, whether there is adequate opportunity to raise federal claims in state proceedings, the Tenth Circuit has noted that, "[a]s a general matter, 'Colorado law does not bar [federal constitutional] claims,'" finding abstention appropriate where "no particular reason appears why the objections advanced [in federal court] could not be given fully adequate consideration in the state courts." *Dauwe*, 364 F. App'x at 437 (quoting *Crown Point I,* 319 F.3d at 1215); *see also Moore v. Sims*, 442 U.S. 415, 425–26 (1979) ("Certainly, [*Younger*] abstention is appropriate unless state law clearly bars the interposition of the Constitutional claims."). Mr. Weber makes two arguments. First, Mr. Weber argues that he did raise his federal claims in state court. Docket No. 38 at 5, 6 ¶¶ 17, 19. Mr. Weber states that, while "'due process' wording may not have been used explicitly, it was definitely brought to the Jefferson County Court's attention . . . that Plaintiff was asserting the court was refusing to do its duty to handle the custody case." *Id*. at 5,

---

[4] Mr. Weber argues that "abstention should not be necessary because Plaintiff is not asking D. Colo. to impact the domestic case." Docket No. 38 at 3, ¶ 10. Mr. Weber contends that his claims do not run afoul of *Younger* because he is asking the Court to issue "an order to the state to determine which orders on the case were filed extra-legally and to vacate such orders," and "an order to the state to then terminate the custody case." *Id*. at 4, ¶ 12. All seventeen of the claims asserted in Mr. Weber's federal complaint, including the ones alleging violations of the U.S. Constitution, are claims challenging orders in the Jefferson County custody case. Docket No. 1-3 at 1–16; *see Dauwe*, 364 F. App'x at 436–37 (affirming *Younger* abstention where plaintiff alleged that state judges' adverse rulings violated his right to due process, equal protection, and access to the courts under the U.S. Constitution because plaintiff's "pleadings clearly reflect[ed] an attempt to have the federal courts review and invalidate rulings made in his state cases"). Such relief, if granted, would impact the domestic case.


¶ 17.  This suggests that there were no barriers to Mr. Weber's ability to raise his federal claims in state court.  Second, Mr. Weber appears to argue that, to the extent he did not raise federal claims in state court, he chose not to do so because he believed that raising such claims would be futile.  *Id*. at 5–7, ¶¶ 16–23.  Mr. Weber believes that raising his federal claims would be futile because the state court allegedly "ignored or denied these filings" in which Mr. Weber raised his federal claims.  *Id*. at 5, ¶ 17.  Mr. Weber also states that "[t]he state supreme court had already proved that it was not going to correct the orders on the case."  *Id*. at 6, ¶ 18.  Mr. Weber's belief that state court procedures would be futile in addressing his federal claims does not preclude *Younger* abstention.  *Middlesex Cnty. Ethics Comm*, 457 U.S. at 431 ("Minimal respect for the state processes, of course, precludes any presumption that the state courts will not safeguard federal constitutional rights.") (emphasis omitted).  The Court finds that the third prong of the *Younger* abstention analysis is satisfied.

Mr. Weber argues that the Court should not abstain on *Younger* grounds because "the state is acting in bad faith."  Docket No. 38 at 4, ¶ 13.  Exceptions to *Younger* abstention apply when a state proceeding was "(1) commenced in bad faith or to harass, (2) based on a flagrantly and patently unconstitutional statute, or (3) related to any other such extraordinary circumstance creating a threat of 'irreparable injury' both great and immediate."  *Phelps v. Hamilton*, 59 F.3d 1058, 1063–64 (10th Cir. 1995).  Mr. Weber makes the bare assertion that the state courts denied "Plaintiff his rights" and did so "DELIBERATELY and MALICIOUSLY" as is "apparent form the case record."  Docket No. 38 at 4, ¶ 13.  However, Mr. Weber has provided no evidence that Ms. Miller commenced the proceedings in bad faith or to harass him.  Moreover, Mr. Weber's

allegations are "not sufficiently extraordinary to warrant this Court's interference in ongoing state court proceedings." See *Marck v. Miller*, No. 22-cv-00238-LTB-GPG, 2022 WL 3443803, at *4 (D. Colo. June 13, 2022), *report and recommendation adopted*, 2022 WL 3443777 (D. Colo. July 13, 2022), *aff'd*, 2023 WL 2592176 (10th Cir. Mar. 22, 2023). To the extent that Mr. Weber argues that the extraordinary circumstance of judicial bias applies, Mr. Weber does not offer "actual evidence to overcome the presumption of honesty and integrity in those serving as adjudicators." *Marshall v. Dupree*, No. 08-cv-00561-LTB-KLM, 2008 WL 2751343, at *7 (D. Colo. July 11, 2008) (quoting *Canatella v. Cal.,* 404 F.3d 1106, 1112 (9th Cir. 2005)).

Because all three prongs of the *Younger* abstention analysis are satisfied, and no exception applies, the Court will abstain from exercising jurisdiction over the claims in Mr. Weber's complaint.

### III. CONCLUSION

Therefore, it is

**ORDERED** that Mr. Weber's claims against all defendants are **DISMISSED without prejudice.** It is further

**ORDERED** that this case is closed.

DATED January 15, 2025

BY THE COURT:

PHILIP A. BRIMMER
Chief United States District Judge