IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Chief Judge Philip A. Brimmer**

Civil Action No. 24-cv-02880-PAB

CHRISTOPHER WEBER,

    Plaintiff,

v.

THE STATE OF COLORADO,
JEFFERSON COUNTY, COLORADO,
KATIE DEVRIES, Attorney, Sherman and Howard LLC,
SHERMAN AND HOWARD LLC,
DAVID LITTMAN, Littman Family Law, Mediator on the custody case, then Decision-Maker,
JEFFREY PILKINGTON, Chief Judge, 1st Judicial Court of Colorado,
LAURA TIGHE, Retired County Judge, Jefferson County,
JOEL SCHAEFER, Jefferson County Magistrate,
NICHOLAS CAMPBELL, Jefferson County Magistrate,
BRIAN BOATRIGHT, Colorado Supreme Court Chief Justice,
SUEANNA JOHNSON, Colorado Court of Appeals Judge for 1st District,
KYM SORRELLS, Jefferson County Attorney,
THE COLORADO COMMISSION ON JUDICIAL DISCIPLINE, CCJD,
THE COLORADO SUPREME COURT,
CHRISTOPHER GREGORY, the Colorado Commission on Judicial Discipline,
JEFFERY WALSH, the Colorado Commission on Judicial Discipline,
ELIZABETH MILLER, Mother, Ex-wife,

    Defendants.

# ORDER

This matter comes before the Court on plaintiff Christopher Weber's pro se request to "Administrator of Court, Clerk of the Court, or relevant party, United States District Court for the District of Colorado," wherein Mr. Weber seeks, pursuant to the Freedom of Information Act ("FOIA"), "all emails and phone records of Judge Brimmer or members of his staff for the time period December 1, 2024 to January 3, 2025."

Docket No. 43. The Court will construe Mr. Weber's request as a motion pursuant to FOIA. Because Mr. Weber is proceeding pro se, the Court will construe his filing liberally without serving as his advocate. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

On October 17, 2024, Mr. Weber filed this action. Docket No. 1. Mr. Weber brought seventeen claims for relief based on alleged violations of his Fourteenth Amendment rights to Due Process and Equal Protection and based on an alleged civil conspiracy to deprive him of his constitutional rights. *Id.* at 2-3; Docket No. 1-3 at 1-16. On December 20, 2024, Mr. Weber filed a motion for injunctive relief with this Court regarding a temporary restraining order filed against him in Colorado state court. Docket No. 27. On December 27, 2024, the Court denied Mr. Weber's motion for injunctive relief and ordered Mr. Weber to show cause why the Court should not abstain from exercising jurisdiction over the claims in his complaint and why this case should not be dismissed without prejudice. Docket No. 35 at 12-13. On January 10, 2025, Mr. Weber filed a response to the order to show cause. Docket No. 38. On January 15, 2025, the Court dismissed Mr. Weber's claims against all defendants without prejudice because the Court found it proper to abstain from exercising jurisdiction over Mr. Weber's claims pursuant to *Younger v. Harris,* 401 U.S. 37 (1971). Docket No. 41 at 7. Final judgment in this case was entered on January 16, 2025. Docket No. 42.

I. **ANALYSIS**

Mr. Weber asks that the Court provide "[a]ll emails and phone records of Judge Brimmer or members of his staff for the time period December 1, 2024 to January 31, 2025." Docket No. 43 at 1. He states that he is specifically "interested in communications with the Colorado Attorney General's Office, especially regarding my

2

case 1:24-cv-02880 Chrisotpher Weber v State of Colorado." *Id.* The Court will deny Mr. Weber's motion.

First, Mr. Weber cannot seek information under FOIA from the United States District Court for the District of Colorado. *See* Docket No. 43 at 1. "Congress explicitly excepted the courts of the United States from coverage under FOIA," *United States v. Choate*, 102 F. App'x 634, 635 (10th Cir. 2004) (unpublished), such that "FOIA does not apply to 'the courts of the United States.'" *Grays v. Navient Sols., LLC*, No. 20-cv-0452-WJM-SKC, 2022 WL 1183726, at *4 (D. Colo. Apr. 21, 2022) (quoting 5 U.S.C. § 551(1)(B)).

Second, the emails and phone records of the Court are not public or judicial records and Mr. Weber does not have a right of access to them under the common law or the First Amendment. *See Callahan v. United Network for Organ Sharing*, 17 F.4th 1356, 1361 (11th Cir. 2021) (the right of access to judicial proceedings only attaches when a party seeks "items which may properly be considered public or judicial records"). Under the common law, there is a "a general right to inspect and copy public records and documents, including judicial records and documents." *Nixon v. Warner Commc'ns, Inc.*, 435 U.S. 589, 597 (1978) (footnote omitted). Courts, however, have found that there is no right to access the internal communications of the courts. *See United States v. Moore*, 2024 WL 3324817, at *10 (S.D. Ohio July 2, 2024) (denying a plaintiff's request for "all communication regarding [his] case" because "these communications (to the extent that they exist) are not the kinds of 'judicial records' to which the public right of access at common law or under the First Amendment attach"); *Greene v. Gassman*, 2012 WL 1563927, at *1 (D. Minn. May 3, 2012) ("the Court has

not found – a single statute, regulation, rule, or judicial opinion holding that a litigant has a right of access (under the First Amendment, the common law, or anything else) to communications between a judge and his or her law clerk"). Not only is Mr. Weber's request for all emails, whether or not related to this case, overbroad, but he fails to identify any legal basis for his request for case-related materials.

Moreover, Mr. Weber identifies no legal basis for his ability to pursue relief from judgment in a closed case. Mr. Weber has not moved for relief from final judgment under either Federal Rule of Civil Procedure 59 or 60 and has not filed a notice of appeal. Pursuant to Rule 59, Mr. Weber had to file a motion to alter or amend judgment no later than 28 days after entry of judgment, which means he had to file a Rule 59 motion by February 13, 2025. *See* Fed. R. Civ. P. 59(e). He did not file such a motion. Mr. Weber also did not file a motion pursuant to Fed. R. Civ. P. 60(b) to seek relief from the final judgment. A Rule 60(b) motion must be filed within a "reasonable time." Fed. R. Civ. P. 60(c)(1).

Pursuant to Federal Rule of Appellate Procedure 4, a party must file a notice of appeal within 30 days after entry of judgment. Fed. R. App. P. 4(a)(1)(A). Mr. Weber had to file a notice of appeal by February 15, 2025 and did not do so. Therefore, this matter is terminated. Mr. Weber has not identified any proper basis to file new motions in this case. *See Van Damme v. JPMorgan Chase Bank, Inc. N.A.*, 2024 WL 2944250, at *1, 2 (D. Nev. June 10, 2024) (denying the plaintiff's motions in a closed case as moot where the plaintiff "did not appeal the underlying judgment"); *see also Goldstein v. Martin*, 2008 WL 1808600, at *1 (D. Utah Apr. 21, 2008) (denying the plaintiff's motions filed in a closed case where the plaintiff did not appeal the dismissal of his complaint for

4

a lack of jurisdiction and where the court previously "explained that it was not possible to file claims or allegations in a closed case" and explained that the plaintiff's "case cannot be reopened without jurisdiction and that any motions seeking to proceed in this closed case will be moot"); *McNeil v. City of Omaha*, 2007 WL 3046410, at *1 (D. Neb. Oct. 16, 2007) (denying the plaintiff's motions that "request copies, amendments to the complaint, the issuance of subpoenas, and the appointment of a guardian ad litem" because, in part, the "matter was dismissed and judgment was entered" and "Plaintiff did not appeal and the time in which to do so has passed") (citing Fed. R. App. P. 4(a)(1)).

Accordingly, the Court will deny Mr. Weber's motion.

## II. CONCLUSION

Therefore, it is

**ORDERED** that plaintiff Christopher Weber's request [Docket No. 43], construed as a motion under the Freedom of Information Act, is **DENIED**.

DATED April 18, 2025

BY THE COURT:

_____
PHILIP A. BRIMMER
Chief United States District Judge